UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH


**GINA COLE**
        Plaintiff

**v.**                                                                        **No. 5:09CV-00005-J**

**MICHAEL ASTRUE**
        Commissioner of Social Security
        Defendant


MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION

This matter is before the court upon the plaintiff's complaint seeking judicial review of the

final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by

Mark Edwards. The fact and law summaries of the plaintiff and the defendant are at Docket Entry

Nos. 9 and 10, respectively. This matter has been referred to the undersigned magistrate judge for

report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on August 15, 2008, by

administrative law judge (ALJ) James Craig. In support of his decision denying Title II benefits,

Judge Craig entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through
December 31, 2009.

2. The claimant has engaged in substantial gainful activity since June 23, 2004, the alleged
onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairments: lumbar degenerative disc disease;
pain disorder; dysthymic disorder; anxiety-related disorder, not otherwise specified; and disorder
of written expression (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work.  She can occasionally lift and carry up to 20 pounds and 10 pounds frequently.  She can occasionally stoop and crouch, but should never kneel or crawl, and should avoid exposure to electrical shock, as well as work at unprotected heights and around moving and dangerous machinery.  She is unable to perform repetitive pushing and pulling with her upper and lower extremities and walks with a cane.  The claimant is unable to make complex decisions due to her pain disorder.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on September 11, 1960 and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566).

(Administrative Record (AR), pp. 16-20).

## Governing Legal Standards

1.  The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision.  42 U.S.C. § 405(g), sentence four.  In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision.  *Richardson v. Perales*, 402 U.S. 389 (1971).  Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to  support  a  conclusion. *Kirk v. Secretary*,  667  F.2d  524 (6th Cir., 1981).  It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a  verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988).  In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account  whatever  in  the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992).  However:

> The substantial-evidence standard allows considerable latitude to administration decision makers.  It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence  that   was before the Commissioner on the date of the final decision.  When  the Appeals Council declines to review the ALJ's decision and render a new decision, the  ALJ's decision becomes the Commissioner's final decision.  *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2.   To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3.  Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe."  A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that  are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's  ability   to work, irrespective of age, education and work experience"  is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6ᵗʰ Cir., 1985).  Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential evaluation should proceed to Step #3.   In addition,  the  "severe"  impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R.  §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward  with  evidence shifts to the Commissioner to show that a significant

number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). The focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

### Discussion

This case was denied at the fifth and final step of the sequential evaluation process based upon a finding that, although she no longer can perform her past relevant work, she retains the ability to perform other jobs that exist in significant numbers in the national economy. This finding was supported by the testimony from a vocational expert (VE). The VE testified that an individual with the limitations summarized in ALJ's Finding No. 5 would be able to perform a limited range of "sedentary" jobs as identified on page 8 of the ALJ's decision (AR, pp. 21 and 424). Typically, in cases such as the present one involving a judicial review of fifth-step denial decisions predicated upon vocational testimony, the VE's testimony constitutes substantial evidence in support of the ALJ's decision. Unless the plaintiff points the court to evidence in the administrative record, which the ALJ was required to accept, of a specific vocationally-significant physical or mental limitation in addition to those contemplated by the controlling vocational hypothetical (i.e., Finding No. 5), the court should affirm the ALJ's decision. See *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987). The plaintiff has failed to identify any such restriction. Therefore, we shall recommend an affirmance of the Commissioner's final decision. We shall consider the plaintiff's specific contentions in turn.

First, the plaintiff argues that the ALJ erred in finding that she engaged in substantial gainful activity (SGA) after her onset of disability date on June 23, 2004. Finding No. 2. Judicial review contemplates a "harmless error" review in which the court will not disturb the Commissioner's final decision if an error has no bearing on the ultimate finding of lack of disability. Finding No. 2 pertains to the first step of the sequential evaluation process, which provides that a claimant is not disabled during any period of time in which she works, or engages in SGA. However, as indicated above, the ALJ found that, regardless of whether she worked after her alleged onset date, she is presently unable to perform any past relevant work. Finding No. 6. Accordingly, the ALJ denied this case at the fifth and final step of the evaluation process. The magistrate judge concludes that any error at step no. 1 was, at worst, harmless error.

Next, the plaintiff argues that her lumbar degenerative disc disease satisfies Listing 1.00 ("musculoskeletal system"). The magistrate judge concludes that the plaintiff's argument is unpersuasive because there is no Listing 1.00 in Appendix 1. Rather, Section 1.00 is an introduction that encompasses multiple listed impairments that affect the musculoskeletal system, including major dysfunction of a joint (Listing 1.02), disorders of the spine (Listing 1.04), etc. The plaintiff has neither alleged nor shown that she satisfies the medical criteria of any specific listed impairment.

Next, the plaintiff argues that the ALJ's finding that she can perform a limited range of "sedentary" work is not supported by substantial evidence. Finding No. 5. "Sedentary" work requires an ability to sit for approximately 6 hours of an 8-hour workday and to lift no more than 10 pounds at a time with occasional lifting of articles such as docket files, ledgers, and small tools. 20 C.F.R. § 404.1567(a) and Social Security Ruling (SSR) 83-10. The plaintiff argues that the ALJ should have accepted as fully credible her testimony of subjective limitations in excess of the

requirements of sedentary work. The Commissioner's credibility determination is a multi-factors approach. See 20 C.F.R. § 404.1529 ("How we evaluate symptoms, including pain") and Social Security Ruling (SSR) 96-7p.   The ALJ and not a reviewing court is to make credibility findings regarding a claimant's subjective complaints. *Murphy v. Secretary*, 801 F.2d 182, 184 (6th Cir., 1986). Absent a compelling reason, the court should not disturb an ALJ's credibility findings. *Smith v. Secretary*, 307 F.3d 377, 379 (6th Cir., 2001).   The magistrate judge concludes that the plaintiff has failed to show that the ALJ erred in finding her subjective complaints to be credible only to the extent of Finding No. 5.

Next, the plaintiff attempts to rely upon the opinion of her treating neurosurgeon, Rex Arendall, in support of her contention that she cannot perform "sedentary" work.   On July 7, 2006, Dr. Arendall opined that the plaintiff can sit "6 hrs. total" and can lift "up to 25 lbs. frequently" and "over 25 lbs. rarely or with assistance" (AR, pp. 229-230).   The magistrate judge concludes that these findings are compatible with the requirements of "sedentary" work.

Next, the plaintiff attempts to rely upon the opinion of her treating physician, Danny Butler. On August 22, 2008, after the ALJ rendered his decision on August 15, 2008, Dr. Butler completed the standard physical assessment form (AR, pp. 388-391).  The magistrate judge concludes that the plaintiff's reliance upon Dr. Butler's opinion is unpersuasive for the following reasons:

1.  Evidence submitted by a claimant after an ALJ's decision may be considered by a reviewing court only for the limited purpose of determining whether to grant a motion for a remand pursuant to "sentence six" of 42 U.S.C. § 405(g). *Cline v. Commissioner*, 96 F.3d 146 (6th Cir., 1996). The party seeking a "sentence six" remand bears the burden of proving that remand

is proper, i.e., the plaintiff must show that the evidence is material and there was good cause for its late submission. *Sizemore v. Secretary*, 865 F.2d 709, 711-712 (6th Cir., 1988). The plaintiff has neither alleged nor shown that Dr. Butler's assessment supports a "sentence six" remand.

2. Even if Dr. Butler's assessment were properly before the court, it is consistent with the requirements of "sedentary" work. Dr. Butler did not specify how many hours the plaintiff can sit (total) in an 8-hour workday. He opined simply that she must periodically alternate sitting and standing to relieve pain or discomfort (AR, p. 389). Nor did Dr. Butler opine that the plaintiff would be unable to lift 10 pounds at a time. Rather, he stated that she can lift less than 10 pounds "occasionally," where "occasionally" was defined as "up to one-third of an 8-hour workday" (AR, p. 388).

3. Even if Dr. Butler's assessment were properly before the court and even if it is inconsistent with the requirements of "sedentary" work, in light of Dr. Arendall's opinion, the ALJ was not required to give Dr. Butler's assessment controlling weight. See SSR 96-2p (One "obvious inconsistency" that prevents a treat source medical opinion from being entitled to controlling weight is "when two medical sources provide inconsistent medical opinions about the same issue").

The plaintiff's final contention is that the ALJ erred in finding that she can perform a significant number of "sedentary" jobs in the national economy. Finding No. 10. The plaintiff attempts to rely upon the VE's testimony that, if she needs to leave her work station several times a day to rest or lie down and misses work three or more days a month, she would be unemployable (AR, p. 424). The argument is unpersuasive because an ALJ need not accept vocational testimony predicated upon subjective limitations that he finds to be incredible.

8

## RECOMMENDATION

The magistrate judge RECOMMENDS that the final decision of the Commissioner be AFFIRMED and that the plaintiff's complaint be DISMISSED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a _de novo_ review of objections that are general, conclusory, or merely adopt previous pleadings. The original objections shall be sent to the Clerk of Court either electronically or by mail. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. _Thomas v. Arn_, 474 U.S. 140 (1985).